1    MCGREGOR W. SCOTT
     United States Attorney
2    KIMBERLY A. SANCHEZ
     Assistant United States Attorney
3    DENNIS LEWIS
     Special Assistant U.S. Attorney
4    2500 Tulare Street, Suite 4401
     Fresno, CA 93721
5    Telephone:  (559) 497-4000
     Facsimile:   (559) 497-4099
6

7    Attorneys for Plaintiff
     United States of America
8

9
                         IN THE UNITED STATES DISTRICT COURT
10
                         EASTERN DISTRICT OF CALIFORNIA
11

12   UNITED STATES OF AMERICA,              CASE NO.  1:19-CR-00231 NONE-SKO
                                                      1:15-CR-00096 DAD-BAM
13                        Plaintiff,

14              v.                          STIPULATION CONTINUING STATUS
                                            CONFERENCE AND REGARDING
15   JAMES JOHNSON,                         EXCLUDABLE TIME PERIODS UNDER SPEEDY
                                            TRIAL ACT; FINDINGS AND ORDER
16                        Defendants.
                                            DATE: August 17, 2020
17                                          TIME: 1:00 p.m.
                                            COURT: Hon. Sheila K. Oberto
18

19        This case is set for a status conference on August 17, 2020.  The parties stipulate and request a

20   continuance of the status conference to November 2, 2020 at 1:00 p.m.  Defense counsel needs

21   additional time to confer with his client.due to obstacles in communication due to COVID-19

22   restrictions.  Additionally, on April 17, 2020, this Court issued General Order 617, which suspends all

23   jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows

24   district judges to continue all criminal matters to a date after June 1.  On May 13, 2020, this Court issued

25   General Order 618, which suspends all jury trials in the Eastern District of California until further

26   notice, and allows district judges to continue all criminal matters.  This and previous General Orders

27   were entered to address public health concerns related to COVID-19.

28        Although the General Orders address the district-wide health concern, the Supreme Court has

                                                     1
     STIPULATION REGARDING EXCLUDABLE TIME
     PERIODS UNDER SPEEDY TRIAL ACT

1  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

2  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

3  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

4  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

5  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

6  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

7  or in writing").

8       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

9  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

10  justice continuances are excludable only if "the judge granted such continuance on the basis of his

11  findings that the ends of justice served by taking such action outweigh the best interest of the public and

12  the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

13  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

14  the ends of justice served by the granting of such continuance outweigh the best interests of the public

15  and the defendant in a speedy trial."  *Id.*

16       The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

17  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

18  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

19  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

20  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

21  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

22  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

23  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

24  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

25       In light of the societal context created by the foregoing, this Court should consider the following

26  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

27  justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

28

---

[1] The parties note that General Order 612 acknowledges that a district judge may make
"additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2  pretrial continuance must be "specifically limited in time").

### STIPULATION

4      Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6      1.    By previous order, this matter was set for a status conference on August 17, 2020.

7      2.    By this stipulation, defendant now moves to continue the status conference to November

8  2, 2020 at 1:00 p.m., and to exclude time between August 17, 2020, and November 2, 2020, under Local

9  Code T4.

10      3.    The parties agree and stipulate, and request that the Court find the following:

11      a)    The government has represented that the discovery associated with this case

12  includes investigative reports, video and photographs.  All of this discovery has been either

13  produced directly to counsel and/or made available for inspection and copying.  Additionally, the

14  parties have engaged in plea negotiations and the government has provided a plea agreement.

15      b)    Counsel for defendant desires additional time to review discovery, conduct

16  investigation, and finalize plea negotiations.

17      c)    Counsel for defendant believes that failure to grant the above-requested

18  continuance would deny him/her the reasonable time necessary for effective preparation, taking

19  into account the exercise of due diligence.

20      d)    The government does not object to the continuance.

21      e)    Based on the above-stated findings, the ends of justice served by continuing the

22  case as requested outweigh the interest of the public and the defendant in a trial within the

23  original date prescribed by the Speedy Trial Act.

24      f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

25  et seq., within which trial must commence, the time period of August 17, 2020 to November 2,

26  2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

27  T4] because it results from a continuance granted by the Court at defendant's request on the basis

28

Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1   of the Court's finding that the ends of justice served by taking such action outweigh the best

2   interest of the public and the defendant in a speedy trial.

3        4.        Nothing in this stipulation and order shall preclude a finding that other provisions of the

4   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

5   must commence.

6        IT IS SO STIPULATED.

7

8

   Dated:  August 7, 2020                    McGREGOR W. SCOTT
9                                            United States Attorney

10

                                             /s/ KIMBERLY A. SANCHEZ
11                                           KIMBERLY A. SANCHEZ
                                             Assistant United States Attorney
12

13

   Dated:  August 7, 2020                    /s/ JOHN MEYER
14                                           JOHN MEYER
                                             Counsel for Defendant
15                                           JAMES JOHNSON

16

17                         **FINDINGS AND ORDER**

18

19  IT IS SO ORDERED.

20  Dated:   **August 7, 2020**              /s/ *Sheila K. Oberto*

21                                           UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

   STIPULATION REGARDING EXCLUDABLE TIME          4
   PERIODS UNDER SPEEDY TRIAL ACT